IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ALEXIS CLINE, | * |
| | * |
| Plaintiff, | * |
| | *   Docket No. _____ |
| v. | * |
| | *   JURY DEMANDED |
| JJ'S TRANSPORTATION, LLC, | * |
| JONATHON ALAN GRAY, and | * |
| JOHN DOE, | * |
| | * |
| Defendants. | * |

## COMPLAINT

COMES NOW Plaintiff, Alexis Cline, and files this complaint, and would show unto the Court as follows:

### PARTIES AND JURISDICTION

1. Alexis Cline is a resident of the State of Tennessee.

2. Defendant, JJ's Transportation, LLC is a corporation organized in the State of Alabama and transacting business in the State of Tennessee on the date at issue.

3. JJ's Transportation, LLC can be served, according to the Federal Motor Carrier Safety Administration, with a copy of the complaint and summons through its registered agent MaxxGuard Inc. at 1445 N Highland Ave, Jackson Tennessee, 38301.

4. JJ's Transportation, LLC is registered with U.S. Department of Transportation under DOT number 3061546.

5. Jonathon Alan Gray is a resident of the State of Alabama and can be served with a Summons and Complaint at 1119 Watson Bridge Road, Kinsey, Alabama 36303.

6. John Doe was driving an unknown vehicle and was not involved in the wreck. No other information is known (see the police report attached as Exhibit 1).

7. **<u>NOT TO BE READ TO THE JURY</u>**: The Plaintiff alleges that one or more of the Defendants is uninsured, or underinsured, and as such invokes her contractual rights with her insurance carrier, GEICO (policy number 4470-68-59-69), who can be served through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37242-1131.

8. **<u>NOT TO BE READ TO THE JURY</u>**: The State of Tennessee, who may be served with process through the Attorney General of the State of Tennessee: The Honorable Herbert Slattery, III, Office of the Tennessee Attorney General, John Sevier Building, 500 Charlotte Avenue, Nashville TN 37243, is included as a statute is declared to be unconstitutional.

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper ursuant to 28 U.S.C. §1391(a) because the accident giving rise to this action occurred in Knox County, Tennessee.

11. Defendant JJ's Transportation is an interstate common carrier based out of Alabama.

12. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case and both JJ's and Jonathon Gray were required to obey these regulations at the time of the collision and at all relevant times prior to the collision.

13. Upon information and belief, JJ's Transportation is the owner of the Dodge truck and trailer operated by Jonathon Gray, based out of Alabama.

14. Upon information and belief, at the time of the collision, Defendant Jonathon Gray was an employee and/or agent of JJ's Transportation.

15. Upon information and belief, at all times relevant hereto, Jonathon Gray was a truck driver for JJ's Transportation and was acting within the scope and course of the business of defendant JJ's Transportation.

16. At all times relevant hereto, JJ's Transportation was acting by and through its employees/agents and are responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, or similar theory of law.

## STATEMENT OF FACTS

17. All preceding statements of plaintiffs' complaint are incorporated herein and re-alleged as if expressly set forth herein.

18. On or about May 15, 2018 at approximately 5:08 p.m., Defendant Jonathon Gray was driving a Dodge Ram 3500 truck towing a trailer owned by JJ's Transportation eastbound on Interstate 40.

19. At the same time and place, Alexis Cline was driving a silver 2011 Jeep Grand Cherokee SUV eastbound on I-40 ahead of Jonathon Gray.

20. Due to dense traffic John Doe, in an unknown vehicle, entered into the lane of travel occupied by Plaintiff and Defendants.

21. Plaintiff Cline maintained a safe space.

22. Plaintiff Cline applied her brakes.

23. Defendant Gray was following improperly.

24. Defendant Gray failed to avoid violently crashing into the rear of Plaintiff Cline's SUV.

25. Defendant Jonathon Gray had a duty to maintain the Dodge truck and trailer to ensure the safety of citizens on the roads, interstates and highways.

26. Defendant Jonathon Gray had a duty to inspect the Dodge truck and trailer before driving it to insure the safety of citizens on the roads, interstates and highways.

27. Defendant Jonathon Gray was driving carelessly and erratically and failed to exercise due care while operating his vehicle.

28. Defendant Jonathon Gray was driving the Dodge truck and trailer in a careless, negligent, and dangerous manner.

29. The wreck was solely caused by the negligence of the Defendants, individually and collectively, and the careless driving of Defendant Gray and Defendant John Doe.

30. Properly trained commercial drivers are able to stop for wrecks ahead of them.

31. Commercial drivers who are paying attention to the roadway are able to stop for wrecks ahead of them.

32. No act of Alexis Cline contributed to cause the wreck.

33. No failure to act of Alexis Cline contributed to cause the wreck.

34. The Dodge truck and trailer being operated by Defendant Jonathon Gray had improperly maintained brakes at the time of the collision, which the Defendant Jonathon Gray knew, or should have known of prior to the collision.

35. Alexis Cline was severely injured as a result of the collision.

### COUNT I – NEGLIGENCE OF JJ'S TRANSPORTATION, LLC: NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, SUPERVISION, RETENTION AND MAINTENANCE

36. All preceding statements and allegations of plaintiff's complaint are incorporated herein and realleged as if expressly set forth herein.

37. JJ's Transportation is the owner of the Dodge Truck operated by Jonathon Gray.

38. JJ's Transportation is the owner of the trailer operated by Jonathon Gray.

39. At the time of the wreck, Jonathon Gray was an employee and/or agent of JJ's Transportation

40. At all times relevant hereto, Jonathon Gray was a truck driver for JJ's Transportation and was acting within the scope and course of its business.

41. At all times relevant hereto, JJ's Transportation was acting by and through its employees/agents and are responsible for the acts of those employees and agents pursuant to *respondeat superior*, agency, apparent agency, negligent entrustment, negligent hiring of an independent contractor, or similar theory of law.

42. At all times relevant hereto, JJ's Transportation and Jonathon Gray were acting in a joint enterprise:

    a. They agreed to move goods for profit;

    b. They had a written contract, specifically, but not limited to a bill of lading;

    c. They coordinated and combined resources and skills in order to achieve their objective of moving the load in order to earn money.

43. Regardless of the employment relationship, JJ's Transportation is the registered owner of US DOT Number 3061546 displayed on the Dodge truck involved in this collision and is therefore responsible for the acts of the driver of that vehicle.

44. At all times relevant to this cause of action, Defendants JJ's Transportation and Jonathon Gray were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §§ 301-399), either directly or

5

as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.20 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113.

45. The operation of a trucking company and the hiring, qualifying, training, and supervising of its drivers requires car and skill to be done safely or it is foreseeable that serious harm and injury will occur to the traveling public.

46. JJ's Transportation's acts, and failures to act, as described below and above resulted in foreseeable harm to Mr. and Mrs. Bain.

47. The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

    a. § 383    Commercial Driver's License Standards

    b. § 390    General

    c. § 391    Qualifications of Drivers

    d. § 392    Driving of Commercial Motor Vehicles

    e. § 393    Parts and Accessories Necessary for Safe Operation

    f. § 395    Hours of Service

    g. §396    Inspection, Repair, and Maintenance

48. Defendant JJ's Transportation was required to qualify and hire safe truck drivers and to teach and train those drivers so that they are able to understand and obey the rules and regulations contained in the Commercial Driver's License Manual and carry out their duties and obligations thereunder.

49. Defendant JJ's Transportation was required to qualify and hire safe truck drivers and to teach and train those drivers so that they are able to understand and obey the rules and regulations contained in the FMCSR and carry out their duties and obligations thereunder.

50. Defendant JJ's Transportation was negligent, and grossly negligent, in:

   a. hiring and/or contracting with Defendant Gray to drive the Dodge truck and trailer at issue;

   b. training of Defendant Gray on the FMCSR and compliance;

   c. failing to supervise Defendant Gray while driving the Dodge truck and trailer;

   d. failing to train Defendant Gray to properly drive the Dodge truck and trailer;

   e. failing to train Defendant Gray to properly inspect the Dodge truck and trailer;

   f. failing to train Defendant Gray to properly maintain the Dodge truck and trailer;

   g. entrusting Defendant Gray with the Dodge truck and trailer;

   h. retaining Defendant Gray to drive the Dodge truck and trailer;

   i. failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Gray; and

   j. failing to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

51. Defendant JJ's Transportation had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

52. The FMCSA reported in the publicly-accessible Safety Measurement System (SMS) that JJ's Transportation vehicles have an out-of-service rate of 44.4% (more than twice the national average of 20.7%), and its drivers have an out-of-service rate of 27.3% (nearly 5 times the national average of 5.5%). As such JJ's Transportation knew that its policies, procedures, and systems for hiring, qualifying, training, and supervising drivers were inadequate and put the public at risk prior to the wreck.

53. Defendant JJ's Transportation, through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

   a. The risks associated with unsafe drivers,
   b. The risks associated with failing to train drivers to obey the FMCSR,
   c. The risks associated with failing to train drivers to follow minimum driving standards for commercial drivers,
   d. The risks associated with failing to train drivers to follow minimum inspection standards for commercial drivers,
   e. The risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers,
   f. The risks associated with failing to have adequate risk management policies and procedures in place,
   g. Failing to ensure its routes could be driven within hours-of-service,
   h. Requiring drivers to meet unrealistic driving goals which JJ's Transportation knew, had reason to know, or should have known would cause its drivers to violate the hours-of-service regulations.
   i. Failing to have policies and procedures in place to identify undertrained and unqualified drivers.
   j. Failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Gray once he was hired.
   k. Failing to implement and follow a written safety plan.

l. Failing to protect the members of the public, such as the Plaintiff, from the risks described above,

m. Failing to use the composite knowledge reasonably available to JJ's Transportation to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

n. Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above,

54. In order to put the matter at issue, Plaintiff alleges that JJ's Transportation was negligent in the maintenance of the Dodge truck and trailer and in the hiring, qualifying, supervising, training, and retention of Defendant Gray and is responsible for negligent entrustment of their Dodge truck and trailer to his care, and these acts of negligence, individually and combined and concurring with the acts of negligence of the other Defendants, proximately resulted in the damages to the Plaintiffs.

55. The negligence of Defendant JJ's Transportation was a proximate cause of the injuries sustained by Ms. Cline.

56. As a result of Defendant JJ's Transportation's negligence, Alexis Cline suffered serious injuries affecting her activities of normal daily living.

## COUNT II
## NEGLIGENCE OF JONATHON GRAY

57. All preceding statements and allegations of plaintiff's complaint are incorporated herein and realleged as if expressly set forth herein.

58. At the time of the collision, defendant Jonathon Gray failed to exercise due care by driving the Dodge truck and trailer carelessly and erratically, having faulty brakes, driving in a reckless manner, improperly following too close, disregarding the actual and potential hazards then existing, and failing to perform a proper inspection of the Dodge truck and trailer when he knew, or should have known, of the problem with the brakes.

59. At all times relevant hereto, Alexis Cline exercised ordinary care in operating her vehicle.

60. The Dodge truck and trailer driven by Defendant Jonathon Gray was driven with the permission and at the direction of JJ's Transportation.

61. Upon information and belief, the Dodge truck and trailer driven by Defendant Jonathon Gray was driven in the course and scope of his employment with the business of JJ's Transportation.

62. Regardless of the employment relationship, JJ's is the registered owner of US DOT Number 3061546 displayed on the Dodge truck involved in this collision and is therefore responsible for the acts of the driver of that vehicle.

63. At the time and place of this collision, Defendant Jonathon Gray was generally negligent under the circumstances then and there existing in that he:

   a. Failing to keep his vehicle under control;

   b. Failing to keep a proper lookout;

   c. Failing to timely apply his brakes, alter direction of travel, or take any other appropriate action when he, by the exercise of due and reasonable care, should have seen the vehicle in front of him;

   d. Failing to operate his vehicle in a safe and prudent manner in view of the

conditions which existed at the time of the collision;

e. Failure to stop with the flow of traffic;

f. Failed to keep a safe and reasonable distance between the car he was following and his Dodge truck and trailer (following too closely);

g. Operated his vehicle at an excessive speed;

h. Failed to yield the right of way;

i. Failing to inspect his vehicle in a manner considerate of the safety and lives of the others persons lawfully on the road;

j. Failing to operate his vehicle in a manner considerate of the safety and lives of the other persons lawfully on the road;

k. Driving in a reckless manner;

l. Such other actions or inactions that may be shown at a hearing of this cause.

64. Defendants' negligence proximately caused the collision with Alexis Cline's SUV and resulting damages and injuries.

65. At the time and place of this accident, the Defendant Jonathon Gray was negligent *per se* in that he was violating one or more of the statutes of the State of Tennessee; to include but not be limited to:

    a. T.C.A. § 55-8-136    Drivers to exercise due care

    b. T.C.A. § 55-10-205    Reckless driving

    c. T.C.A. § 55-9-204    Brakes

    d. T.C.A. § 55-8-124    Following too closely

66. That Defendants JJ's Transportation and Jonathon Gray were subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by the

Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.20 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113, at the time and date of the collision.

67. That Defendants JJ's Transportation and Jonathon Gray will be shown at trial to have violated the state and Federal Motor Carrier Safety Regulations, which constitutes negligence *per se*.

68. Defendants' negligence, individually and collectively, proximately caused the wreck and the injuries and damages to Alexis Cline.

## COUNT III
## NEGLIGENCE OF JOHN DOE

69. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein. Upon information and belief:

70. At the time of the wreck, according to the police report, Defendant John Doe failed to exercise due care by driving his vehicle carelessly and erratically, driving in a reckless manner, improperly changing lanes, and disregarding the actual and potential hazards then existing.

71. At the time and place of this wreck, Defendant John Doe was generally negligent under the circumstances then and there existing in that he:

   a. failed to keep his vehicle under control;

   b. failed to keep a proper lookout;

   c. failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the wreck;

   d. operated his vehicle at an excessive speed;

   e. failed to yield the right of way;

   f. drove in a reckless manner; and

  g. Such other actions or inactions that may be shown at a hearing of this cause.

  72. At the time and place of this accident, the Defendant John Doe was negligent per se in that he was violating one or more of the statutes of the State of Tennessee; to include but not be limited to:

  a. T.C.A. § 55-8-136    Drivers to exercise due care

  b. T.C.A. § 55-10-205    Reckless driving

  c. T.C.A. § 55-8-123    Driving on roadway laned for traffic

  d. T.C.A. § 55-8-142    Turning movements

  e. T.C.A. § 55-8-143    Signals for turns

  73. Defendants' negligence, individually and collectively, proximately caused the wreck with Alexis Cline's SUV and resulting in the damages and injuries to Ms. Cline.

**<u>NOT TO BE READ TO THE JURY</u>**
**<u>COUNT IV – DECLARATION OF UNCONSTITUTIONALITY</u>**

  74. All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

  75. Plaintiff seeks a judicial determination of his legal rights with respect to Tenn. Code Ann. § 29-39-102, as well as a judicial determination that Tenn. Code Ann. § 29-39-102 violates the Tennessee Constitution, pursuant to Tennessee's Declaratory Judgments Act, Tenn. Code Ann. § 29-14-102.

  76. Plaintiff has alleged injuries compensable only through non-economic damages, which, based upon severity, experience before the Tennessee courts and Tennessee juries in cases of similarly significant injuries, greatly exceed the applicable limitations on such damages under Tenn. Code Ann. § 29-39-102.

77. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the Plaintiff's fundamental and "inviolate" right to trial by jury, guaranteed by Article 1, § 6 of the Tennessee Constitution, by supplanting the jury's determination of facts proven at a fair and proper trial, namely, appropriate compensation, and substituting a legislative determination, divorced from the facts of the case, that overrides the jury's constitutionally guaranteed determination of those facts.

78. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the separation of powers mandated by Article II, §§ 1 & 2 of the Tennessee Constitution by permitting the General Assembly to require judges to enter judgment at odds with a jury's fair and proper verdict and the record developed in the case, as well as arrogate to itself the judicial power to suggest remittitur, and by permitting the General Assembly to impermissibly encroach upon the adjudicative function of the judicial branch.

79. Defendants have a real interest, adverse to the Plaintiff's, in having the cap under Tenn. Code Ann. § 29-39-102 applied to limit the damages and their liability in this case.

80. Alexis Cline' non-economic damages (as defined in Tenn. Code Ann. § 29-39-101) exceed $750,000. To the extent that the jury agrees and deems it appropriate, given the facts and the law, to award non-economic damages to Alexis Cline in an amount in excess of $750,000, the Court may be called upon by one or more of the Defendants to reduce the jury's verdict for non-economic damages to $750,000 under Tenn. Code Ann. § 29-39-102.

81. Any reduction of the jury's verdict pursuant to Tenn. Code Ann. § 29-39-102, whether sought by the defendants or by act of the Court sua sponte or on motion would violate the following constitutional provisions: Article I, Section 6 of the Constitution of Tennessee; Article I, Section 8 of the Constitution of Tennessee; Article I, Section 17 of the Constitution of

Tennessee; Article I, Section 23 of the Constitution of Tennessee; Article II, Section 2 of the Constitution of Tennessee; Article VI, Section 1 of the Constitution of Tennessee; Article XI, Section 16 of the Constitution of Tennessee; the equal protection and due process guarantees afforded to Tennesseans, including Plaintiffs, under the Constitution of Tennessee and the Constitution of the United States of America; and the right to trial by jury secured by the Seventh Amendment to the Constitution of the United States.

82. Thus, Plaintiff asks that the Court find and declare that the Tenn. Code Ann. § 29-39-102 violates one or more of the aforementioned constitutional provisions, is invalid as a matter of law, and can serve as no limitation whatsoever on entry of judgment for the non-economic damages and losses sustained by Plaintiff, as determined by the jurors selected by the parties and empaneled by the Court in this cause.

83. Notice of this action will be mailed to the Attorney General of the State of Tennessee as required by Tenn. R. Civ. P. 24 and Tenn. Code Ann. § 29-14-107, notifying the State of Tennessee Attorney General that Plaintiff is challenging the constitutionality of Tenn. Code Ann. § 29-39-102.

84. Plaintiff acknowledges that this issue is not ripe, as a judgment has not been obtained in excess of the caps (see Clark v. Cain, 479 S.W.3d 820, 832 (Tenn. 2015)) and all matters including briefing should be stayed until post-verdict, at which time the Court should set a time for the Attorney General to intervene and schedule briefing on the merits of these issues.

85. Plaintiff reserves the right to more fully set forth the basis of the unconstitutionality of these statutes once a judgment has been entered and the issue is ripe.

## COUNT V
## DAMAGES

86. All preceding statements and allegations of the Alexis Cline complaint are incorporated herein and realleged as if expressly set forth herein.

87. As set forth more fully in the facts hereinabove, each of the Defendants acted in a willful, wanton and reckless manner which either alone, or combined and concurring with the actions of the other defendants acts of negligence, directly and proximately caused the collision and Alexis Cline's injuries.

88. Defendants knowingly, intentionally recklessly, and/or willfully disregarded the Federal Motor Carrier Safety Regulations.

89. Defendants' conduct constituted a conscious disregard for the life and safety of Alexis Cline and for the lives and safety of the motoring public generally, and these defendants are therefore liable, to the Alexis Cline for exemplary or punitive damages.

**WHEREFORE,** Alexis Cline prays that the following relief be granted:

a. A trial by jury;

b. For Summons and Complaint to issue against the Defendants;

c. For judgment against the Defendants to compensate the Alexis Cline for their pain and suffering, past, present, and future;

d. For judgment against the Defendants in an amount sufficient to compensate the Alexis Cline for the medical expenses incurred to date, as well as for medical expenses which will be incurred in the future;

e. For judgment against the Defendants in amount sufficient to compensate the Alexis Cline for lost wages incurred, including future lost wages or ability to earn income;

f. Such other economic and non-economic loses as may be shown at the hearing of this matter.

g. That the Alexis Cline obtain judgment against the Defendants in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of $3,000,000.00

h. For an award of punitive damages against Defendants JJ's and Jonathon Gray, in an amount the jury believes to be just, fair and equitable, given the facts and after hearing the issues in this case, not to exceed the sum of $3,000,000.

i. Court Cost and discretionary Costs.

j. For all such further and general relief which this Court deems just and proper.

Respectfully submitted,
**TRUCK WRECK JUSTICE, PLLC**

BY: */s/ Danny R. Ellis*
**DANNY R. ELLIS, BPR #020747**
**ATTORNEYS FOR PLAINTIFFS**
1419 Market Street
Chattanooga, TN 37402
423-265-2020
danny@truckwreckjustice.com